**Fliegel v. Fliegel**

*Connie J. Merwine*, for plaintiff.
*Barry J. Cohne*, for defendant.

HIGGINS, *J.*, March 26, 2014—Carol E. Fliegel

("wife") and Michael A. Fliegel ("husband") were married on February 4, 1993 in New York City, New York. No children were born from the marriage. A complaint in divorce was filed in Potter County, Pennsylvania on July 8, 2009. The Potter County action was transferred to this court by stipulation of the parties on or about November 13, 2012. The parties separated in 2009, however, the parties continued to live together until husband moved out of the marital residence in March 4, 2012. On April 10, 2012 husband filed a complaint for support seeking alimony pendent lite ("APL") and spousal support from wife. After a conference, wife was ordered to pay APL to husband in the amount of $3,171.00 plus $317.00 in arrears. Thereafter, husband filed for a modification on February 15, 2013, seeking an extension of APL due to the ongoing divorce action. After a support conference was held, a support master's ("master") hearing was requested and held on October 8, 2013. On November 12, 2013, an order of court was filed requiring wife to pay $2,553.00 monthly to husband for the period of May 17, 2012 until May 30, 2013 and the sum of $2,990.00 thereafter. APL was scheduled to terminate on April 9, 2014, or sooner upon final decree of divorce[2]. On November 22, 2013, wife filed timely exceptions to the master's findings. The matter was praeciped for oral argument and the court heard arguments on February 3, 2014.

## DISCUSSION

When evaluating the merits of the parties' exceptions, we must first examine the master's report. Our function

---

2. A final decree of divorce was entered on March 7, 2014.

is to review the master's factual findings to determine if the recommendations are appropriate. *Ewing v. Ewing*, 843 A.2d 1282, 1286 (Pa. Super. 2004) (citation omitted). In Pennsylvania, a "master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Moran v. Moran*, 839 A.2d 1091, 1095 (Pa. Super. 2003). However, a master's report "is advisory only...and the reviewing court is not bound by it and it does not come to the court with any preponderate weight or authority which must be overcome." *Rothrock v. Rothrock*, 765 A.2d 400, 404 (Pa. Super. 2000) (citation omitted). However, we will affirm the master if his recommendations are supported by the record.

Wife filed exceptions to the master's support recommendations contending that the master erred by not finding a change of circumstances when husband inherited a large sum of money and assets from his mother. Wife argues that when husband requested an extension of support. After learning that husband inherited a large sum of money from his mother, wife immediately filed for a modification of support and she requested that husband's award of APL be terminated.

When a party is seeking to modify an existing support order, the moving party has the burden of proving by competent evidence that a material and substantial change in circumstances has occurred. *Samii v. Samii*, 847 A.2d 691 (Pa. Super. 2004). Wife claims husband had a change

in circumstances based on an inheritance he received from his mother.

APL is "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa. C.S.A. § 3103. APL "is designed to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse." *Litmans v. Litmans*, 673 A.2d 382, 389 (Pa. Super. 1996) (citation omitted). "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." *Id.*, at 388 (citation omitted). Therefore, our focus should be on the ability of the individual who receives the APL during the course of the litigation to defend her/himself.

In the master's findings he noted that husband was the owner of a rental property producing income of $2,400.00 per month, husband owns an investment account with a balance of $180,000.00 which has since been reduced to $100,000.00 due to his purchase of a $93,000.00 Porsche. [Master's findings, submission date November 7, 2013 (master's findings)] The master also found that husband spends as much for food as an average family of three and spends $2,100.00 per year on martial arts lessons. [Master's findings] The master concludes that it is difficult to consider husband as financially dependent of unable to continue with the divorce proceedings with his own resources. [Master's findings]

In her request for modification, wife claims that husband no longer needs APL to have equal resources to

pursue the divorce proceeding. While the master did not find a change in circumstances when husband filed for an extension of APL, we find that he did have a change of circumstances for the better. In requesting a modification of support, the moving party has the burden of proving by competent evidence that a material and substantial change in circumstances has occurred. In his findings, the master stated that husband represented that he made $6,000.00 when his tax returns showed that he earned $25,563.00 in dividends. Husband knew or should have known that he underestimated his earnings, yet he did not report any additional income to domestic relations. Instead of reporting the additional earnings, husband filed a request for modification.

We are concerned that husband recently bought a $93,000.00 Porsche and he is claiming that he needs and extension of APL due to the ongoing divorce action. [Notes of testimony, October 8, 2013, at p. 48, 50 (hereinafter referred to as N.T.)] Husband also signed the request for modification, i.e. an extension of APL, under penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities. At the October 8, 2013, hearing husband did not answer a direct question by wife's counsel as to whether he provided information with regard to dividends he received. [N.T., p. 52] Upon objection by husband's counsel the master sustained the objection on relevance grounds. We believe that the issue was relevant for the purposes of a modification petition, not only because the petitioner is signing under penalties of 18 Pa. C.S. § 4904, but that the parties have a continuing duty to report changes affecting support under 23 Pa. C.S.A. §4353.

The award of APL is within the sound discretion of the court and will not be disturbed absent abuse of discretion. *Litmans v Litmans*, 673 A.2d 382, 388 (Pa. Super. 1996) (citation omitted). Since APL is designed to help the dependent spouse meet the standard of living established during the marriage and allow him to defend himself in the divorce action, we believe that husband's APL should be terminated as of the date wife filed her petition for modification on May 30, 2013. The record demonstrates that husband's standard of living has increased and he is able to defend himself in the divorce action. Husband's circumstances changed; he has additional income which was not reported to domestic relations and husband testified to this. Accordingly, this exception is granted,

Finally, wife believes the master erred in mandating the payment of the first $250.00 of husband uninsured medical expenses when she pays for husband's medical insurance. In reviewing the entire history of this matter, we find there has never been an obligation on wife to pay the first $250.00 of husband uninsured medical expenses. We believe it was a typographical error to include such language in the recommendation. Hence, wife's exception will be granted.

## ORDER

And now, this 26th day of March 2014, after consideration of defendant's exceptions to the master's recommendations, it is hereby ordered as follows:

1. Defendant's exception alleging that plaintiff is not entitled to an extension of Alimony Pendente Lite

(APL) is granted.

2. Defendant's exception alleging that she is entitled to a credit dating back to the original filing of APL is granted. It is ordered that plaintiffs APL shall be terminated as of the date of filing for a modification on May 30, 2013.

3. Defendant's exception that the master erred in requiring defendant to pay the first $250.00 of husband's uninsured medical expenses is granted.

4. The remainder of defendant's exceptions are denied.